UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-02735-SVW-MRW | Date | 6/2/2020 |
|---|---|---|---|
| Title | *Roberto Gonzalez v. Trojan Battery Company, LLC et al* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT AND REMAND TO STATE COURT [13]

### I.   Introduction

Plaintiff Roberto Gonzalez ("Plaintiff") filed a motion to amend the complaint and remand this case to California state court on April 23, 2020. For the reasons articulated below, this motion is DENIED.

### II.   Factual and Procedural Background

Plaintiff initially filed this case in state court on Feb. 18, 2020, alleging eighteen causes of action under the California Labor Code, California's Fair Employment and Housing Act ("FEHA"), and California common law. Dkt. 6-1, Ex. 1. On March 24, 2020, Defendant Trojan Battery Company, LLC ("Defendant") removed the case to federal court on the basis of diversity jurisdiction. Dkt. 6. Plaintiff has now filed a motion to both file an amended complaint and then remand this case to state court, on the basis that the amended complaint adds a California citizen, Stacey Marquez ("Marquez")\, a Human Resources ("HR") manager employed by Defendant, whose joinder in this lawsuit will destroy complete diversity. Dkt. 13.

Plaintiff's factual allegations state that he was employed as a maintenance technician by Defendant from for approximately twenty-five years. Dkt. 6-1, Ex. 1 at 2. Plaintiff alleges that he

:
Initials of Preparer
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-02735-SVW-MRW | Date | 6/2/2020 |
|---|---|---|---|
| Title | *Roberto Gonzalez v. Trojan Battery Company, LLC et al* | | |

suffered repetitive trauma injuries while working for Defendant, and that while he was receiving in-house medical treatment, Defendant failed to accommodate his medical needs or requests for accommodation, and finally terminated him on March 5, 2019. *Id.* at 4-5. Plaintiff also specifically alleges in his Complaint that on May 15, 2018, in conjunction with a pending worker's compensation matter, Marquez "threatened Plaintiff that if he retained an attorney to pursue his worker's compensation matter, that Defendant would terminate his employment." *Id.* at 4. Plaintiff also alleges Defendant failed to pay overtime, provide meal periods and rest breaks required under state law, provide him with accurate wage statements, failed to reimburse him for business expenses, and failed to maintain accurate payroll records. *Id.* at 5-6. Plaintiff also alleges that he has previously filed a discrimination complaint with the Department of Fair Employment and Housing and had received a "right to sue" letter. *Id.* at 7-8.

### III.  Legal Standard

This Court sides with the substantial weight of district court opinions in the Ninth Circuit choosing to analyze joinder or amendment of claims to add a non-diverse defendant under § 1447(e) as opposed to Rule 15's more permissive standard. *See Marroquin v. Target Corp.*, 2019 WL 2005793, at *4-5 (C.D. Cal. May 7, 2019) (collecting cases); *McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 606 (S.D. Cal. 2014). This approach is appropriate because it permits courts to determine whether any proposed amendment to add non-diverse defendants is intended to destroy diversity jurisdiction or otherwise thwart federal jurisdiction and allows courts to consider the full context of the attempted joinder of a non-diverse defendant. *See Marroquin*, 2019 WL 2005793, at *5.

Therefore, the Court analyzes this motion via consideration of the *Murphy* factors under 28 U.S.C. § 1447(e). *Murphy v. Am. Gen. Life Ins. Co.*, 74 F. Supp. 3d 1267, 1278 (C.D. Cal. 2015). These factors include:

1. Whether the party sought to be joined is needed for just adjudication and would be joined under Fed. R. Civ. P. 19(a)
2. Whether the statute of limitations would prevent the filing of a new action against the new defendant should the court deny joinder;
3. Whether there has been unexplained delay in seeking the joinder;
4. Whether the joinder is solely for the purpose of defeating federal jurisdiction;

:

Initials of Preparer    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-02735-SVW-MRW | Date | 6/2/2020 |
| Title | *Roberto Gonzalez v. Trojan Battery Company, LLC et al* | | |

5. Whether the claim against the new party seems valid;
6. The possible prejudice that may result to any of the parties in the litigation;
7. The closeness of the relationship between the new and the old parties;
8. The effect of an amendment on the court's jurisdiction; and
9. The new party's notice of the pending action.

*Id.* at 1278.

### IV. Analysis

Here, the most relevant *Murphy* factor for the purposes of this analysis is the validity of the claims Plaintiffs seeks to add against proposed Defendant Stacey Marquez. Plaintiff's proposed Amended Complaint simply adds Marquez as an additional defendant, includes no new factual allegations, and then asserts each of the eighteen causes of action previously asserted against Plaintiff's employer against Marquez as well. *See* Dkt. 13-1, Ex. G (Plaintiff's proposed Amended Complaint).

However, as Defendant points out, the vast majority of the causes of action Plaintiff proposes to assert in the amended Complaint under the FEHA simply cannot be asserted against an employee in their individual capacity. *See Reno v. Baird*, 957 P.2d 1333, 1347-1348 (1998) (wrongful discharge claims and discrimination claims under the FEHA cannot be brought against individuals who are not themselves employees); *Jones v. Lodge at Torrey Pines P'ship*, 177 P.3d 232 (2008) (individual supervisors not liable for retaliation); *Kennedy v. Kings Mosquito Abatement Dist.*, 2013 WL 3968150, at *4, *7 (E.D. Cal. July 31, 2013) (concluding that the logic of *Reno* and *Jones* extends to failure to accommodate claims under the FEHA); *Minor v. Fedex Office & Print Servs., Inc.*, 182 F. Supp. 3d 966, 985 (N.D. Cal. 2016) (same).

Similarly, the vast majority of the California Labor Code claims ostensibly plead against Marquez simply do not create liability against a non-employer individual like Marquez. *See* Cal. Lab. Code §§ 226.7, 512(A), 1194, 1197, 1197.1, 201, 202, 204, 226(a), 1174(D), 2800, 2802 (creating liability against *employers* for violations of the statutes Plaintiff has alleged have been violated). Additionally, the language of Cal. Lab. Code § 1102.5, while broader than that contained in the statutes above, has consistently been construed by district courts in the Ninth Circuit to preclude individual

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-02735-SVW-MRW | Date | 6/2/2020 |
|---|---|---|---|
| Title | *Roberto Gonzalez v. Trojan Battery Company, LLC et al* | | |

liability by a manager or other non-employer. *See CTC Glob. Corp. v. Huang*, 2018 WL 4849715, at *4 (C.D. Cal. Mar. 19, 2018) ("Like the relevant statutes in *Reno* and *Jones*, it appears the California legislature intended simply to extend an employer's liability, rather than to create a new category (supervisors) of potential defendants"); *Tillery v. Lollis*, 2015 WL 4873111, at *8-10 (E.D. Cal. Aug. 13, 2015); *United States ex rel. Lupo v. Quality Assurance Servs., Inc.*, 242 F. Supp. 3d 1020, 1030 (S.D. Cal. 2017). Similarly, Plaintiff's claim for unfair business practices under Cal. Bus & Prof. Code §§ 17200 *et seq.* is not viable against Marquez because Plaintiff has not alleged in the proposed Amended Complaint that she was engaged in an unlawful independent business practice.

  Plaintiff appears to concede this in his Reply brief, arguing only that he has stated a viable claim for FEHA harassment against Marquez in the proposed amended Complaint, based on the existing allegations stating that Marquez informed him that he would be terminated if he hired a lawyer for his worker's compensation matter. Dkt. 16 at 6-7. Although individual supervisors can be liable for harassment under the FEHA, *Reno*, 957 P.2d at 1335-36, such a claim requires a "concerted pattern of harassment of a repeated, routine or a generalized nature" based on "actions outside the scope of job duties which are not of a type necessary to business and personnel management." *Id.* at 1336; *see also Raphael v. Tesoro Corp.*, 729 F. App'x 566, 568 (9th Cir. 2018) (plaintiff must show harassment beyond "occasional, isolated, sporadic, or trivial" conduct, which shows "a concerted pattern of harassment of a repeated, routine or a generalized nature"). Plaintiff's sole relevant allegation involves a single instance of conduct by Marquez, informing him that he would be terminated if he hired a lawyer, does not constitute a concerted pattern of harassment on the basis of a protected disability under California law. Because the specific conduct alleged is a threat to fire Plaintiff (albeit for an improper reason), it constitutes conduct within the scope of job duties, rather than "slurs", "derogatory drawings," unwanted sexual advances", or similar conduct expressly outside the scope of employment duties. *Reno*, 957 P.2d. at 1336-37 (describing types of conduct that constitute harassment, in contrast to retaliation). Plaintiff's citation to *Lutizetti v. New Albertson's Inc.*, 2012 WL 273757, at *5 (C.D. Cal. Jan. 30, 2012) is distinguishable because the factual allegations regarding harassment in that case were substantially more detailed and involved a sustained pattern of activity where a store manager's ongoing pattern of conduct, which included termination of multiple allegedly disabled employees based on their disability and disparate treatment of non-disabled employees. *Id.* at *1 (describing relevant factual allegations regarding manager's ongoing conduct).

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-02735-SVW-MRW | Date | 6/2/2020 |
|---|---|---|---|
| Title | *Roberto Gonzalez v. Trojan Battery Company, LLC et al* | | |

    Moreover, Marquez' alleged conduct occurred on May 15, 2018, and under the one-year statute of limitations applicable to an FEHA harassment claim, a harassment claim against Marquez based on her May 15, 2018 conduct would be time-barred after May 15, 2019. Cal. Gov. Code § 12960 (2019). The amendment extending that statute of limitations to three years for such claims took effect on January 1, 2020, and does not revive lapsed claims. *See* 2019 Cal. Legis. Serv. Ch. 709 (A.B. 9) ("This act shall not be interpreted to revive lapsed claims.") Plaintiff's argument that the statute of limitations has not run is based on the date on which Plaintiff was terminated, which is not relevant to when any cause of action for FEHA *harassment* against proposed Defendant Marquez based on her alleged actions would have accrued, and as discussed above an FEHA *retaliation* claim cannot properly be brought against a non-employer individual like Marquez.

    In this context, the fact that Plaintiff has not made a showing that he would be able to assert any viable claim against the proposed non-diverse defendant strongly favors denying the motion under 28 U.S.C. § 1447(e). As none of Plaintiff's claims appear to be valid here, other *Murphy* factors, such as prejudice to Plaintiff and consideration of the statute of limitations become irrelevant because there is no indication that Plaintiff has a viable claim against Marquez that would be prejudiced by this denial. *See Rahimi v. Crossroads Hosp. Co. LLC*, WL 1042512, at *4 (C.D. Cal. Mar. 2, 2020). Additionally, the fact that Plaintiff was already aware of the full name and alleged conduct of Marquez at the time he initially filed this Complaint in state court, but declined to name her as a defendant leads the Court to conclude that this motion to amend the complaint is intended to avoid federal jurisdiction. Accordingly, the Court concludes that the *Murphy* factors in this context favor denying the motion to amend, because (1) the claims asserted against Marquez are not viable under California law, (2) Marquez is not necessary for just adjudication under Rule 19's standard, (3) the motion is intended to defeat federal jurisdiction. The Court accordingly DENIES the motion to amend the Complaint and remand this case to state court.

    **V.**    **Conclusion**

    Plaintiff's motion is DENIED. Having reviewed the allegations in Plaintiff's Complaint and Defendant's Answer, the Court sets a jury trial date of October 13th, 2020, at 9:00 a.m., with a pretrial conference the week before on October 5, 2020, at 3:00 p.m. The parties are further instructed to begin

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-02735-SVW-MRW | Date | 6/2/2020 |
|---|---|---|---|
| Title | *Roberto Gonzalez v. Trojan Battery Company, LLC et al* | | |

discovery as soon as possible to facilitate the timely resolution of this lawsuit. The Court vacates the status conference set for June 8, 2020.

|  | : |
|---|---|
| Initials of Preparer | PMC |